OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The defendant was convicted of murdering a female acquaintance during the early morning hours of March 8, 1979. The two had met in a bar earlier in the night and returned to the victim’s apartment. After consensual sexual relations defendant struck the victim on the head repeatedly with a heavy glass bottle filled with pennies and then strangled her to death with a brassiere. At trial, the defendant asserted the affirmative defense of extreme emotional disturbance, admitting that he had killed the victim but requesting a jury verdict of manslaughter instead of murder (see, Penal Law § 125.25 [1] [a]). On this appeal, he contends that because he did not actively contest the People’s version of the facts, the trial court committed reversible error and deprived him of a *960 fair trial by admitting into evidence several photographs and color slides of the victim and the crime scene.
The general rule is stated in People v Pobliner (32 NY2d 356, 369; see also, People v Stevens, 76 NY2d 833): photographs are admissible if they tend "to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered.” They should be excluded "only if [their] sole purpose is to arouse the emotions of the jury and to prejudice the defendant” (People v Pobliner, supra, at 370 [emphasis added]).
The nature and manner of the killing were material and relevant to prosecution of the murder indictment and the defendant could not make it otherwise by admitting that he had killed the victim but contending that he had done so under the influence of an extreme emotional disturbance. The questioned exhibits illustrated the severity and calculated nature of the wounds and tended to disprove defendant’s claim that he was totally out of control at the time of the killing, factors critical in assessing defendant’s defense of extreme emotional disturbance. Inasmuch as the exhibits were related to material issues in the case, we find no error in their admission (see, People v Pobliner, 32 NY2d 356, 369, supra; People v Stevens, 76 NY2d 833, 835, supra). Moreover, contrary to the dissent, the photographs and slides should not have been excluded merely because they " 'portray[ed] a gruesome spectacle and * * * tend[ed] to arouse passion and resentment against the defendant’ ” where, as here, the "sole purpose” for offering the exhibits was not to arouse the emotions of the jury or to prejudice the defendant (People v Pobliner, supra, at 369-370; see also, People v Stevens, supra).
Defendant also contends that some of the photographs and slides should not have been received because they were cumulative. The People offered 44 exhibits, many of them showing similar scenes and views of the evidence. The submission of so many similar photographs may raise a legitimate question for the trial court as to whether the District Attorney is offering them solely to arouse the emotions of the jury or to prove his or her case. Here, however, the trial court concluded that each exhibit was relevant and necessary to refute defendant’s claim of extreme emotional disturbance and we find no abuse of discretion in its rulings, as a matter of law. "When relevance is demonstrated, the question as to whether on balance the *961 jury should be permitted to view such photographs is addressed to the sound discretion of the trial court” (People v Stevens, supra, at 835).