■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTON GUMBS, Appellant. [756 NYS2d 846] —Judgment, Supreme Court, New York County (Michael Corriero, J.), rendered February 25, 1998, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him, as a juvenile offender, to a term of nine years to life, unanimously affirmed.

The court properly exercised its discretion in admitting into evidence a single crime scene photograph of the victim which was relevant to the essential element of homicidal intent and which illustrated and corroborated the other evidence concerning the victim's injuries (*see People v Stevens*, 76 NY2d 833, 835-836 [1990]; *People v Pobliner*, 32 NY2d 356, 369-370 [1973], *cert denied* 416 US 905 [1974]). The "sole purpose" for introducing the photograph was not "to arouse the emotions of the jury [or] to prejudice the defendant" (*People v Wood*, 79 NY2d 958, 960 [1992] [emphasis omitted]).

The court's instruction to the jury, given in connection with a stipulation, contained language that was appropriate to prevent undue speculation (*cf. People v Primo*, 96 NY2d 351, 355-357 [2001]). Nothing in this instruction undermined defendant's ability to present a defense. On the contrary, the court extended great leeway to defendant in this regard.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Sullivan, Ellerin, Lerner and Marlow, JJ.