■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VELINE HICKS, Appellant. [784 NYS2d 451]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered September 17, 2001. The judgment convicted defendant, upon a jury verdict, of reckless endangerment in the first degree and criminal possession of a weapon in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of reckless endangerment in the first degree (Penal Law § 120.25) and criminal possession of a weapon in the fourth degree (§ 265.01 [4]), defendant contends that he was denied effective assistance of counsel. We reject that contention (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). The

failure of defense counsel to request a jury instruction on justification (*see* Penal Law § 35.15) was a strategic decision of a "reasonably competent attorney" (*People v Satterfield,* 66 NY2d 796, 799 [1985]), and "counsel's efforts should not be second-guessed with the clarity of hindsight to determine how the defense might have been more effective" (*People v Benevento,* 91 NY2d 708, 712 [1998]). Defendant consented to the annotations on the verdict sheet and thereby waived his present contention that the verdict sheet was improperly annotated (*see* CPL 310.20 [2]; *People v Brown,* 90 NY2d 872, 874 [1997]; *People v Knight,* 280 AD2d 937, 940 [2001], *lv denied* 96 NY2d 864 [2001]). Additionally, defendant failed to preserve for our review his contention that County Court erred in failing to instruct the jury in accordance with CPL 310.20 (2) (*see People v Wheeler,* 257 AD2d 673 [1999], *lv denied* 93 NY2d 930 [1999]; *see also People v Andrews,* 267 AD2d 1071 [1999], *lv denied* 94 NY2d 916 [2000]; *People v Mariko,* 267 AD2d 113 [1999], *lv denied* 94 NY2d 950 [2000]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]).

Contrary to the further contentions of defendant, the evidence is legally sufficient to support the conviction of reckless endangerment in the first degree and the verdict on that count of the indictment is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495 [1987]). The sentence is not unduly harsh or severe. Present—Green, J.P., Pine, Scudder, Martoche and Hayes, JJ.