THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN CLARK, Appellant. [829 NYS2d 201]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered December 2, 2004, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contentions regarding the introduction into evidence of a signed, written statement of a prosecution witness given to the police and used by the prosecution to impeach this witness pursuant to CPL 60.35, are unpreserved for appellate review because the grounds urged by the defendant on appeal were not specifically raised in any objection made to the trial court (*see* CPL 470.05 [2]; *People v Jones,* 25 AD3d 724, 725 [2006]; *People v Solomon,* 16 AD3d 701, 702 [2005]; *People v Smith,* 294 AD2d 381 [2002]). In any event, the contention is without merit. In her signed, written statement to the police, the witness stated that the defendant confided in her that the mother of the four-year-old victim may have beaten the little boy, while at trial the witness testified that the defendant unequivocally told her that the mother had beaten the child. Thus, the witness's trial testimony tended to disprove the People's case and affirmatively damaged the People's position. Accordingly, the People were properly permitted to employ the statement to impeach the witness pursuant to CPL 60.35 (1) (*see People v Faulkner,* 220 AD2d 525, 526 [1995]; *People v Magee,* 128 AD2d 811 [1987]; *cf. People v Andre,* 185 AD2d 276, 277 [1992]).

Also unpreserved for appellate review is the defendant's contention that the trial court failed to provide a timely or sufficiently specific instruction to the jury that it was to consider the witness's written statement to the police only for purposes of impeachment, and not as evidence in chief (*see* CPL 60.35 [2]; *People v Nuccie,* 57 NY2d 818, 819-820 [1982]; *People v Pettus,* 22 AD3d 869 [2005]; *People v Francis,* 137 AD2d 553 [1988]). In any event, the court's instruction in this regard was adequate (*see People v Jones,* 25 AD3d 724, 725 [2006]; *People v Andujar,* 290 AD2d 654, 657 [2002]; *People v Bass,* 255 AD2d 689 [1998]).

The court properly admitted into evidence a certain photograph depicting the victim's scalp rolled back during the autopsy to reveal his fractured skull (*see generally People v Wood,* 79 NY2d 958, 960 [1992]; *People v Pobliner,* 32 NY2d 356, 369-370 [1973], *cert denied* 416 US 905 [1974]). The photograph illustrated and elucidated the testimony of the chief medical examiner who testified regarding the autopsy findings (*see People v Wood, supra; People v Pobliner, supra; People v Allah,* 13 AD3d 639 [2004]; *People v Roque,* 11 AD3d 488, 489 [2004]; *People v Morel,* 297 AD2d 757 [2002]; *People v Collic,* 285 AD2d 514, 515 [2001]). The photograph was not offered for the sole purpose of arousing the emotions of the jurors (*see People v Wood, supra; People v Pobliner, supra; People v Roque, supra; People v Levy,* 284 AD2d 346, 347 [2001]).

The defendant's contention that the prosecutor improperly commented on his pretrial silence in violation of his due process rights is unpreserved for appellate review, as he failed to make timely objections (*see* CPL 470.05 [2]). In any event, the prosecutor's remarks constituted fair comment on the defendant's trial testimony regarding the alleged abuse of the victim by the victim's mother and the defense summation, and did not improperly refer to his pretrial silence (*see People v Meyers,* 13 AD3d 395 [2004]; *People v Vargas,* 277 AD2d 475 [2000]; *People v Mejia,* 256 AD2d 422 [1998]). Moreover, the complained of comments were very limited in scope within the context of a summation that spanned 77 pages of the trial transcript, and were not so prejudicial as to deprive the defendant of a fair trial (*see People v Williams,* 2 AD3d 546 [2003]; *People v Shelton,* 307 AD2d 370, 372 [2003], *affd* 1 NY3d 614 [2004]). Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.