■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BAKHOSHEQ ALLAN, Appellant. [839 NYS2d 771]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Doyle, J.), rendered August 3, 2004, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the County Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]) deprived him of a fair trial is without merit. The court properly weighed the probative value of the defendant's prior offenses on the issue of his credibility against the possible prejudice to the defendant, and reached an appropriate compromise ruling (see People v Gray, 84 NY2d 709 [1995]; People v Lopez, 37 AD3d 496 [2007]; People v Taylor, 18 AD3d 783 [2005]).

Similarly unavailing is the defendant's contention that the court erred in admitting autopsy photographs into evidence. The photographs were neither excessively gruesome nor introduced for the sole purpose of arousing the jurors' passions

and prejudicing the defendant (*see People v Wood*, 79 NY2d 958 [1992]; *People v Pobliner*, 32 NY2d 356 [1973], *cert denied* 416 US 905 [1974]). Rather, they were relevant both to help illustrate and corroborate the testimony of the medical examiner (*see People v Clark*, 37 AD3d 487 [2007]; *People v Daniels*, 35 AD3d 495 [2006]; *People v Allah*, 13 AD3d 639 [2004]) and to prove intent, a material element of the murder charge of which the defendant ultimately was convicted (*see People v Louisias*, 29 AD3d 1017 [2006]; *People v Morel*, 297 AD2d 757 [2002]; *People v Collic*, 285 AD2d 514 [2001]). The mere fact that there was other available evidence with regard to these matters did not require the exclusion of the photographs (*see People v Stevens*, 76 NY2d 833 [1990]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant was not deprived of the effective assistance of counsel, since the record as a whole demonstrates that he received meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to review them in the exercise of our interest of justice jurisdiction. Mastro, J.P., Covello, Angiolillo and Dickerson, JJ., concur.