■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLBIN REYES, Appellant. [855 NYS2d 160]—

The defendant failed to preserve for appellate review his contention that his right to confront witnesses was violated by the admission of certain statements made by two accomplices to police detectives (*see People v Marino,* 21 AD3d 430, 431 [2005], *cert denied* 548 US 908 [2006]). In any event, the defendant's right to confront witnesses against him was not violated since the challenged statements were not admitted for their truth but to show the police detectives' state of mind and to demonstrate how the police investigation evolved (*see Crawford v Washington,* 541 US 36, 59 [2004]; *People v Reynoso,* 2 NY3d 820, 821 [2004]; *People v Dean,* 41 AD3d 495 [2007], *lv denied* 9 NY3d 1005 [2007]; *People v Leftenant,* 22 AD3d 603 [2005]).

The defendant's contention that the evidence was legally insufficient to establish his guilt of murder in the second degree, as set forth in Point I of his supplemental pro se brief, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19-21 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The County Court providently exercised its discretion in precluding the defendant's proposed alibi testimony as the defendant failed to demonstrate good cause for his failure to provide timely notice (*see* CPL 250.20 [1]; *People v Louisias,* 29 AD3d 1017, 1019 [2006]).

Contrary to the defendant's contention, the County Court providently exercised its discretion in admitting autopsy photographs into evidence. The photographs were neither exces-

sively gruesome nor introduced for the sole purpose of arousing the jurors' passions and prejudicing the defendant (*see People v Wood,* 79 NY2d 958 [1992]; *People v Pobliner,* 32 NY2d 356 [1973], *cert denied* 416 US 905 [1974]). The photographs were relevant to help illustrate and corroborate the testimony of the medical examiner (*see People v Allan,* 41 AD3d 727 [2007], *lv denied* 9 NY3d 920 [2007]; *People v Clark,* 37 AD3d 487 [2007]; *People v Daniels,* 35 AD3d 495, 497 [2006]). The mere fact that there was other available evidence with regard to these matters did not require the exclusion of the photographs (*see People v Stevens,* 76 NY2d 833 [1990]).

The defendant's contention that the verdict sheet was improperly annotated (*see* CPL 310.20 [2]), as set forth in Point I of his supplemental pro se brief, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Hicks,* 12 AD3d 1044, 1045 [2004]). In any event, that contention is without merit.

The defendant's claims of ineffective assistance of counsel, as set forth in his main brief and supplemental pro se brief, are without merit as defense counsel provided the defendant with meaningful representation (*see People v Baldi,* 54 NY2d 137 [1981]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Ritter, J.P., Florio, Carni and Leventhal, JJ., concur.