■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PROWSE, Appellant. [875 NYS2d 121]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered February 27, 2007, convicting him of manslaughter in the second degree, vehicular manslaughter in the second degree, assault in the second degree, vehicular assault in the second degree, driving while ability impaired, and a violation of Vehicle and Traffic Law § 1111 (d) (1), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court properly admitted into evidence at trial the opinion testimony of a forensic toxicologist with respect to the effect that a certain amount of cocaine would have on a person's ability to operate a motor vehicle, and as to whether the level of cocaine present in a person's body would be higher four hours before a blood sample was drawn (*see People v Lamont*, 21 AD3d 1129 [2005]; *People v Van Sickle*, 120 AD2d 897 [1986]). The forensic toxicologist's testimony regarding her qualifications and experience provided a sufficient foundation for her subsequent opinion testimony (*see People v Mack*, 301 AD2d 863, 864 [2003]). The County Court was not required to formally declare or certify the forensic toxicologist to be an expert witness (*see People v Wagner*, 27 AD3d 671, 672 [2006]).

Contrary to the defendant's contention, the County Court properly admitted an autopsy photograph of the victim into evidence. The photograph was neither excessively gruesome nor introduced for the sole purpose of arousing the jurors' passions and prejudicing the defendant (*see People v Reyes*, 49 AD3d 565, 566-567 [2008]; *People v Allan*, 41 AD3d 727, 727-728 [2007]). Rather, the photograph was relevant to help illustrate and corroborate the testimony of the deputy medical examiner, who performed the autopsy (*see People v Reyes*, 49 AD3d at 566-567; *People v Allan*, 41 AD3d at 727-728; *People v Clark*, 37 AD3d 487 [2007]; *People v Allah*, 13 AD3d 639 [2004]).

The introduction of certain testimony elicited during the redirect examination of a forensic scientist did not constitute reversible error because the testimony was elicited after defense counsel opened the door to the matter on cross examination (*see People v Massie*, 2 NY3d 179, 184 [2004]; *People v Melendez*, 55 NY2d 445, 451-453 [1982]; *People v Vines*, 51 AD3d 827, 828 [2008]; *People v Craft*, 36 AD3d 1145, 1149 [2007]; *People v Johnson*, 305 AD2d 518 [2003]).

The factually incorrect comment made by the prosecutor during his summation that was the subject of a specific objection by defense counsel was not sufficiently prejudicial to deprive the defendant of a fair trial. With respect to the remaining challenged remarks, the defendant's contention that the prosecutor denigrated the defense and denied him a fair trial is unpreserved for appellate review, because the defendant either failed to raise any objection to those remarks, voiced a general objection without specifying the ground therefor, or failed to seek further relief when an objection was sustained (*see* CPL 470.05 [2]; *People v Crawford*, 54 AD3d 961 [2008]; *People v Gill*, 54 AD3d 965 [2008], *lv denied* 11 NY3d 897 [2008]; *People v Osorio*, 49 AD3d 562, 563-564 [2008]). In any event, those remarks were

either a fair response to the defense counsel's summation or within the bounds of rhetorical comment permissible in closing argument, and did not deny the defendant a fair trial (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Osorio*, 49 AD3d at 563-564; *People v Robbins*, 48 AD3d 711 [2008]; *People v Barnes*, 33 AD3d 811, 812 [2006]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to prove the defendant's guilt beyond a reasonable doubt. Upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Santucci, Balkin and Eng, JJ., concur.