■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROHAN HAMILTON, Appellant. [887 NYS2d 261]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leventhal, J.), rendered January 11, 2007, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his Sixth Amendment right to confront his accusers was violated because his fingerprint and palm print cards were admitted into evidence through the testimony of a print examiner, rather than through the testimony of the detective who took the prints. However, since the defendant did not object to the admission of the print cards on this ground, his claim that his right of confrontation was

violated is unpreserved for appellate review (*see People v Liner*, 9 NY3d 856 [2007]; *People v Gray*, 86 NY2d 10, 19-21 [1995]; *People v Ward*, 57 AD3d 582, 583 [2008]; *People v Howell*, 44 AD3d 686 [2007]). In any event, the print cards themselves were not directly accusatory (*see People v Rawlins*, 10 NY3d 136, 160 [2008], *cert denied sub nom. Meekins v New York*, 557 US —, 129 S Ct 2856 [2009]), and were properly admitted into evidence through the testimony of the print examiner, who compared a latent palm print found at the crime scene with the defendant's palm print and concluded that they matched. This expert, who, in effect, accused the defendant of a crime by testifying that his palm print matched the latent palm print found at the crime scene, was available for cross-examination. Thus, the defendant's right of confrontation was not violated (*cf. People v Rawlins*, 10 NY3d 136, 157 [2008]).

Contrary to the defendant's contention, the court also properly admitted autopsy photographs into evidence. The photographs were not excessively gruesome, and were not introduced for the sole purpose of arousing the jurors' passions and prejudicing the defendant (*see People v Wood*, 79 NY2d 958, 960 [1992]; *People v Cartwright*, 61 AD3d 695, 696 [2009]; *People v Prowse*, 60 AD3d 703, 704 [2009], *lv denied* 12 NY3d 858 [2009]; *People v Reyes*, 49 AD3d 565, 566-567 [2008]). Rather, the photographs were relevant both to help illustrate and corroborate the testimony of the medial examiner, and to establish intent (*see People v Stevens*, 76 NY2d 833, 836 [1990]; *People v Prowse*, 60 AD3d at 704; *People v Reyes*, 49 AD3d at 566-567; *People v Allan*, 41 AD3d 727, 728 [2007]). The fact that there was other evidence available with regard to these matters did not require the exclusion of the photographs (*see People v Stevens*, 76 NY2d at 836; *People v Reyes*, 49 AD3d at 566-567; *People v Allan*, 41 AD3d at 728).

The defendant's remaining contentions raised in his supplemental pro se brief are unpreserved for appellate review and, in any event, are without merit. Rivera, J.P., Eng, Chambers and Hall, JJ., concur. [*See* 14 Misc 3d 1203(A), 2006 NY Slip Op 52399(U).]