■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER REYNART, Appellant. [900 NYS2d 65]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered March 8, 2006, convicting him of murder in the first degree, murder in the second degree (four counts), and aggravated criminal contempt, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence convicting him of intentional murder in the first degree and two counts of intentional murder in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *see People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt on those counts. Further, while the defendant preserved for appellate review his contention that the evidence was legally insufficient to support his conviction of two counts of felony murder in the second degree, the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt on those counts (*see People v Diaz*, 53 AD3d 504, 505 [2008]; *People v Flores*, 303 AD2d 597, 598 [2003]).

The jury's determination that the defendant failed to prove by a preponderance of the evidence that he was acting "under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse" when he stabbed and killed the victims was not against the weight of the evidence (Penal Law § 125.27 [2] [a]; § 125.25 [1] [a]; *see People v Ludwig-*

*sen*, 48 AD3d 484 [2008]; *People v Hernandez*, 46 AD3d 574, 576 [2007]).

Contrary to the defendant's contention, the County Court providently exercised its discretion in admitting autopsy photographs of the victims into evidence. "The photograph[s] [were] neither excessively gruesome nor introduced for the sole purpose of arousing the jurors' passions and prejudicing the defendant" (*People v Prowse*, 60 AD3d 703, 704 [2009]; *see People v Reyes*, 49 AD3d 565, 566-567 [2008]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention in his main brief is without merit.

The defendant's contentions raised in points one and two of his supplemental pro se brief are unpreserved for appellate review and, in any event, are without merit. The remaining contentions in the defendant's supplemental pro se brief are without merit. Covello, J.P., Miller, Chambers and Lott, JJ., concur.