■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN COOPER, Appellant. [914 NYS2d 80]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered November 19, 2009, as amended December 8, 2009, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to a term of six years, unanimously affirmed.

The court properly exercised its discretion when, prior to defendant taking the stand, it modified its original *Sandoval* ruling in light of its further evaluation of the credibility issues to be raised by defendant's proposed testimony asserting an agency defense (*see People v Ramos*, 255 AD2d 203 [1998], *lv denied* 93 NY2d 856 [1999]). While we agree with defendant that the underlying facts of his prior conviction for fraudulent accosting, in which he sold imitation narcotics to an undercover officer, were not admissible under a *Molineux* theory to rebut defendant's agency defense, they were nevertheless admissible to impeach his credibility. The modified ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]). Although the present case also involved an undercover sale, the facts of the fraudulent ac-

costing case were highly probative of defendant's credibility and were not unduly prejudicial. Moreover, defendant's testimony that he did not like to "cheat people" enhanced the impeachment value of the facts underlying his fraudulent accosting conviction. Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Renwick and DeGrasse, JJ.