■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME FLETCHER, Appellant. [923 NYS2d 858]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered January 3, 2007, convicting him of murder in the second degree, robbery in the first degree, criminal possession of a weapon in the second degree, and tampering with physical evidence, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in

admitting an autopsy photograph of the victim into evidence. The challenged photograph was neither excessively gruesome nor introduced for the sole purpose of arousing the jurors' passions and prejudicing the defendant (*see People v Rivera*, 74 AD3d 993, 994 [2010]; *People v Prowse*, 60 AD3d 703, 704 [2009]; *People v Reyes*, 49 AD3d 565, 566-567 [2008]; *People v Allan*, 41 AD3d 727, 727-728 [2007]). Rather, the photograph was relevant to help illustrate and corroborate the testimony of the medical examiner regarding the cause of death (*see People v Prowse*, 60 AD3d at 704; *People v Reyes*, 49 AD3d at 566-567; *People v Allan*, 41 AD3d at 727-728).

The defendant contends that the Supreme Court's charge to the jury with respect to the voluntariness of his statements to investigating detectives was erroneous in certain respects. To the extent the defendant claims that the Supreme Court should have instructed the jury as to the specific statutory language of CPL 60.45 (2) (a) regarding "undue pressure" (*see People v Floyd*, 34 AD3d 494, 495 [2006]), his argument is unpreserved for appellate review since he did not make such a request. In any event, although certain aspects of the charge were erroneous (*see People v Slide*, 76 AD3d 1106, 1109-1110 [2010]), any error was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the errors contributed to his conviction (*see People v Crimmins*, 36 NY2d 230, 241 [1975]; *People v Brody*, 82 AD3d 784 [2011]; *People v Gorham*, 72 AD3d 1108, 1109-1110 [2010]). Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.