■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEANINE HARRINGTON, Appellant. [930 NYS2d 897]—

The Supreme Court did not improvidently exercise its discretion in admitting into evidence four autopsy photographs of the victim. The challenged photographs were neither excessively gruesome nor introduced for the sole purpose of arousing the jurors' passions and prejudicing the defendant (*see People v Wood*, 79 NY2d 958, 960 [1992]; *People v Pobliner*, 32 NY2d 356, 369-370 [1973], *cert denied* 416 US 905 [1974]; *People v Fletcher*, 84 AD3d 1265, 1266 [2011], *lv denied* 17 NY3d 816 [2011]). Rather, they were relevant to a material issue at trial and also to elucidate the testimony of the medical examiner regarding the cause of death (*see People v Prowse*, 60 AD3d 703, 704 [2009]; *People v Allan*, 41 AD3d 727, 727-728 [2007]). Rivera, J.P., Balkin, Hall and Cohen, JJ., concur.