*1046 The Supreme Court erred in modifying its Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]) to permit the prosecutor to question the defendant regarding his gang membership, which the Supreme Court had previously ruled was to be precluded. Contrary to the People’s contention, photographs depicting the defendant wearing gang attire, which were discovered during trial, did not provide new information relevant to the defendant’s credibility (cf. People v Cooper, 78 AD3d 593 [2010]; People v Ramos, 255 AD2d 203 [1998]). However, under the circumstances of this case, the error in permitting the questioning was harmless (see People v Crimmins, 36 NY2d 230, 241-242 [1975]; People v Duggins, 1 AD3d 450, 450-451 [2003], affd 3 NY3d 522 [2004]). In contrast, the Supreme Court, as part of its Sandoval ruling, providently exercised its discretion in permitting the prosecutor to cross-examine a potential defense witness regarding his knowledge of the defendant’s gang membership because this evidence tended to establish a motive for this witness to fabricate (see People v Ocampo, 28 AD3d 684 [2006]).
The defendant’s challenges to various remarks made by the prosecutor during his summation are unpreserved for appellate review (see CPL 470.05 [2]), except for his challenge to the prosecutor’s description of defense counsel’s characterization of a police witness. In any event, all of the challenged remarks were within the bounds of permissible rhetorical comment, fair response to arguments and issues raised by the defense, or fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109-110 [1976]). Florio, J.P., Leventhal, Austin and Cohen, JJ., concur.