■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GARCIA, Appellant. [960 NYS2d 657]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated June 18, 2001 (*People v Garcia*, 284 AD2d 479 [2001]), affirming a judgment of the Supreme Court, Kings County, rendered October 26, 1998.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Mastro, J.P., Rivera, Skelos and Dickerson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AVERY GREEN, Appellant. [960 NYS2d 658]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated February 28, 2012 (*People v Green*, 92 AD3d 953 [2012]), affirming a judgment of the County Court, Dutchess County, rendered March 20, 2008.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Eng, P.J., Dillon, Angiolillo and Dickerson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROHAN HAMILTON, Appellant. [960 NYS2d 659]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated October 20, 2009 (*People v Hamilton*, 66 AD3d 921 [2009]), affirming a judgment of the Supreme Court, Kings County, rendered January 11, 2007.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Eng, P.J., Rivera, Chambers and Hall, JJ., concur.