Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered June 17, 2010, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant failed to preserve for appellate review his contention that his conviction was not supported by legally sufficient evidence (see People v Hawkins, 11 NY3d 484 [2008]; CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to prove the defendant’s guilt beyond a reasonable doubt. Moreover in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we find that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Contrary to the defendant’s contention, the Supreme Court properly denied his request to charge the jury on assault in the second degree as a lesser-included count of murder in the second degree. A court is authorized to submit a lesser-included offense to the jury “if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater” (CPL 300.50 [1]; see People v Butler, 84 NY2d 627 [1994]; People v Scarborough, 49 NY2d 364 [1980]). “If the record demonstrates . . . some . . . rational basis on which the jury might reasonably discredit the proof which would establish defendant’s commission of the greater crime, yet accept that of guilt of the lesser, then the *963 statute compels submission of the lesser offense if requested” (People v Scarborough, 49 NY2d at 371). Examination of the record discloses no reasonable view of the evidence which would support a finding that the defendant committed the crime of assault in the second degree, but did not commit the crime of murder in the second degree.
The Supreme Court did not improvidently exercise its discretion in admitting into evidence two crime scene photographs and 14 autopsy photographs of the victim. The challenged photographs were neither excessively gruesome nor introduced for the sole purpose of arousing the jurors’ passions and prejudicing the defendant (see People v Wood, 79 NY2d 958, 960 [1992]; People v Pobliner, 32 NY2d 356, 369-370 [1973], cert denied 416 US 905 [1974]; People v Harrington, 88 AD3d 817 [2011]; People v Fletcher, 84 AD3d 1265, 1266 [2011]). Rather, they were relevant to a material issue at trial, and elucidated the testimony of the medical examiner regarding the cause of death (see People v Harrington, 88 AD3d 817 [2011]; People v Prowse, 60 AD3d 703, 704 [2009]; People v Allan, 41 AD3d 727, 727-728 [2007]). Skelos, J.E, Chambers, Hall and Miller, JJ., concur.