■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORY BYRD, Appellant. [983 NYS2d 406]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered March 8, 2012, convicting him of murder in the second degree and tampering with physical evidence (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to prove, beyond a reasonable doubt, the defendant's guilt of the crimes of murder in the second degree (Penal Law § 125.25 [2]) and two counts of tampering with physical evidence (Penal Law § 215.40 [2]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d

383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we find that the verdict of guilt as to those crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The County Court did not improvidently exercise its discretion in admitting into evidence 17 autopsy photographs of the victim. The challenged photographs were neither excessively gruesome nor introduced for the sole purpose of arousing the jurors' passions and prejudicing the defendant (*see People v Wood*, 79 NY2d 958, 960 [1992]; *People v Pobliner*, 32 NY2d 356, 369-370 [1973], *cert denied* 416 US 905 [1974]; *People v Harrington*, 88 AD3d 817 [2011]; *People v Fletcher*, 84 AD3d 1265, 1266 [2011]). Rather, they were relevant to a material issue at trial and also to elucidate the testimony of the medical examiner regarding the cause of death (*see People v Harrington*, 88 AD3d 817 [2011]; *People v Prowse*, 60 AD3d 703, 704 [2009]; *People v Allan*, 41 AD3d 727, 727-728 [2007]).

The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, upon matters outside the record. Such matters will bear on the issue of whether defense counsel had a "strategic or other legitimate explanation[]" for his failure to cross-examine certain witnesses and his allegedly insufficient cross-examination of certain other witnesses (*People v Rivera*, 71 NY2d 705, 709 [1988]; *see People v Taylor*, 98 AD3d 593, 594 [2012], *affd* 22 NY3d 259 [2013]). Thus, the defendant has presented a " 'mixed claim[ ]' " of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). Because the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matters outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

The defendant's contention that the County Court improperly denied his motion for a mistrial, which motion was based upon evidence improperly admitted under the court's *Molineux* ruling (*see People v Molineux*, 168 NY 264 [1901]), is without merit, as the court struck this evidence from the record and gave an effective curative charge to the jury.

The defendant's contentions that he was deprived of a fair trial by certain remarks made by the prosecutor during summation, that the County Court exhibited bias in sentencing him as a persistent felony offender, and that it improperly sentenced

him to the maximum allowable sentence upon information which was not reliable and accurate in violation of *People v Naranjo* (89 NY2d 1047, 1049 [1997]) are unpreserved for appellate review, and we decline to review these issues pursuant to our interest of justice jurisdiction. Mastro, J.P., Lott, Austin and Roman, JJ., concur.