15-1193-pr
Hamilton v. Lee

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 31st  day of  August, two thousand seventeen.

Present:      ROSEMARY S. POOLER,
              GERARD E. LYNCH,
                        *Circuit Judges*.
              BRIAN M. COGAN,[1]
                        *District Judge*.

_____

ROHAN HAMILTON,

                        *Petitioner-Appellant*,

              v.                                                          15-1193-pr

WILLIAM LEE, Superintendent, Green Haven Correctional Facility,

                        *Respondent-Appellee*.

_____

Appearing for Appellant:     Lawrence Mark Stern, New York, NY.

Appearing for Appellee:      Anthea H. Bruffee, Assistant District Attorney (Leonard Joblove, Sholom J. Twersky, Assistant District Attorneys, *on the brief*), *for* Eric Gonzalez, Acting District Attorney, Kings County, Brooklyn, NY.

---

[1] Judge Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

Appeal from the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Petitioner-Appellant Rohan Hamilton appeals from the March 27, 2015 judgment of the United States District Court for the Eastern District of New York (Weinstein, *J.*), denying Hamilton's petition for a writ of habeas corpus and granting Hamilton a certificate of appealability with respect to Hamilton's claims regarding his right to confrontation and his right to effective assistance of counsel. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

## I. Standard of Review

This Court reviews the district court's denial of a 28 U.S.C. § 2254 petition de novo and its factual findings for clear error. *Ponnapula v. Spitzer*, 297 F.3d 172, 175, 179 (2d Cir. 2002). Under the Antiterrorism and Effective Death Penalty Act, "[t]he circumstances under which we may grant the writ are strictly limited," *id.*, and the writ should not be granted unless a state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

## II. Confrontation Clause: Procedural Bar

The district court found that Hamilton's Confrontation Clause claims were procedurally barred. We agree.

"In all cases in which a state petitioner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, the Appellate Division held that Hamilton's Confrontation Clause claims were procedurally barred because his trial counsel objected to the disputed testimony on hearsay grounds, but not on the confrontation grounds he now attempts to raise in his federal habeas

petition. *See People v. Hamilton*, 887 N.Y.S.2d 261, 262 (2d Dep't 2009). It also determined, in the alternative, that such claims were "in any event" without merit. *Id.*

The state law ground on which the Appellate Division found Hamilton's claim procedurally barred was New York's contemporaneous objection rule. *See* N.Y. Crim. P. Law § 470.05(2). New York's contemporaneous objection rule "require[s] at the very least, that any matter which a party wishes the appellate court to decide have been brought to the attention of the trial court at a time and in a way that gave the latter the opportunity to remedy the problem and thereby avert reversible error." *Garcia v. Lewis*, 188 F.3d 71, 77 (2d Cir. 1999). In particular, "[u]nder New York law, a defendant does not preserve a Confrontation Clause claim unless he specifically objects to the introduction of the relevant evidence on constitutional grounds." *Chrysler v. Guiney*, 806 F.3d 104, 119 (2d Cir. 2015); *People v. Fleming*, 70 N.Y.2d 947, 948 (1988); *People v. Lopez*, 808 N.Y.S.2d 648, 649 (1st Dep't 2006) (finding that claim under Confrontation Clause is unpreserved even where a defendant raised a hearsay objection to the same evidence); *People v. Bones*, 793 N.Y.S.2d 545, 546 (2d Dep't 2005) (finding that claim under Confrontation Clause is unpreserved where defendant "failed to object with any specificity" that the evidence in question "violated his Sixth Amendment right to confront witnesses against him"). Because Hamilton's hearsay objection failed to bring any confrontation issue to the state trial court's attention, Hamilton did not preserve this claim.

New York's contemporaneous objection rule is an independent and adequate state procedural rule. "[T]here is no question that the claimed procedural bar," the failure to comply with New York's contemporaneous objection rule, "constitutes an 'independent' state ground of decision." *Cotto v. Herbert*, 331 F.3d 217, 239 (2d Cir. 2003). Moreover, "in accordance with New York case law, application of the state's preservation rule is adequate—*i.e.*, firmly established and regularly followed." *Richardson v. Greene*, 497 F.3d 212, 219 (2d Cir. 2007).

As the district court explained in its well-reasoned opinion, Hamilton failed to sufficiently demonstrate either cause for the default and actual prejudice, or that a failure to consider the claims will result in a fundamental miscarriage of justice. "[B]ecause § 470.05(2) is a state law ground on which the New York appellate court's decision is based, and that ground is both independent of any federal question and adequate under firmly established and regularly followed state law, we will not disturb the state appellate court's ruling that [Hamilton's] protest at trial was insufficient to preserve the arguments he wishes to raise on appeal." *Garvey v. Duncan*, 485 F.3d 709, 720 (2d Cir. 2007).

### III. Confrontation Clause: Merits

The Appellate Division found, in the alternative, that Hamilton's Confrontation Clause claims were without merit. *Hamilton*, 88 N.Y.S.2d at 261-62. This was an adjudication on the merits for the purposes of AEDPA. *See Zarvela v. Artuz*, 364 F.3d 415, 417 (2d Cir. 2004). We agree with the district court that the state court's decision was neither contrary to nor involved an unreasonable application of federal law as established by the Supreme Court.

Under the Confrontation Clause, a court generally cannot admit testimonial statements absent the in-court testimony of the declarant. *See Crawford v. Washington*, 541 U.S. 36, 53-54

(2004). "The crux of [the Confrontation Clause] is that the government cannot introduce at trial statements containing accusations against the defendant unless the accuser takes the stand against the defendant and is available for cross examination." *United States v. Taylor*, 745 F.3d 15, 28 (2d Cir. 2014). "[W]hen the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." *Crawford*, 541 U.S. at 59 n.9. In other words, "[t]he [Confrontation] Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." *Id.*

As recognized by the district court, "[Hamilton] had the opportunity to cross-examine Jean, who lifted the latent print; Kennedy, who made the accusatory match; and Dryver, whose name was noted on the ink fingerprint card." *Hamilton v. Lee*, 94 F. Supp. 3d 460, 473 (E.D.N.Y. 2015). Hamilton had a sufficient opportunity to confront those who bore testimony against him in the form of the palm prints and notated fingerprint cards, and therefore suffered no violation of his rights under the Confrontation Clause. We therefore need not decide whether, as the district court also held, the fingerprint cards are non-testimonial in nature.

## IV. Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel claim, Hamilton must show that the state court's denial of such claim was "contrary to" or involved an "unreasonable application" of *Strickland v. Washington*, 466 U.S. 668 (1984), the relevant Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1); *Henry v. Poole*, 409 F.3d 48, 67 (2d Cir. 2005) ("[A] petitioner whose claim is that he received ineffective assistance of counsel not only must satisfy the *Strickland* standard but also must show that the state court's rejection of his claim either was contrary to *Strickland* or was an unreasonable application of *Strickland*."). We have said that:

> Under *Strickland*, . . . a defendant must meet a two-pronged test: (1) he "must show that counsel's performance was deficient," so deficient that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," and (2) he must show "that the deficient performance prejudiced the defense," in the sense that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Bennett v. United States*, 663 F.3d 71, 84 (2d Cir. 2011) (quoting *Strickland*, 466 U.S. at 687, 690, 694) (internal citations omitted). A defendant's ineffective assistance of counsel claim fails if the defendant does not meet both prongs of the *Strickland* standard. *Id.* at 85.

Although "[w]e review a district court's denial of a petition for writ of habeas corpus de novo, and its factual findings for clear error," *Ponnapula*, 297 F.3d at 179 (internal citations omitted), "AEDPA requires the federal habeas court to accord deference to the state court's ruling on claims of ineffective assistance of counsel." *Santone v. Fischer*, 689 F.3d 138, 154 (2d Cir. 2012). A court reviewing an ineffective assistance of counsel claim "must apply 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Rivas v. Fischer*, 780 F.3d 529, 547 (2d Cir. 2015) (quoting *Strickland*, 466 U.S. at

4

689). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]" *Strickland*, 466 U.S. at 690.

Here, Hamilton is unable to show that the state court's determination—that Hamilton's ineffective assistance claims were without merit—was an unreasonable application of *Strickland*. His primary claim is that his trial counsel was ineffective for failing to call an expert to adequately challenge the palm print evidence. "But *Strickland* does not enact Newton's third law for the presentation of evidence, requiring for every prosecution expert an equal and opposite expert from the defense." *Harrington v. Richter*, 562 U.S. 86, 111 (2011); *see also Gersten v. Senkowski*, 426 F.3d 588, 609 (2d Cir. 2005) ("[T]here is no per se rule that requires trial attorneys to seek out an expert."). Furthermore, "[i]n many instances, cross-examination will be sufficient to expose defects in an expert's presentation." *Richter*, 562 U.S. at 111. Hamilton's trial counsel adequately challenged the prosecution's fingerprint expert on cross-examination and the palm print evidence in his summation. And in light of the risks involved in calling a competing expert who may have corroborated the state's expert's views, trial counsel's decision to call a defense expert was a reasonable strategic choice. The district court correctly held that the state court's denial of Hamilton's ineffective assistance claim was not an unreasonable application of *Strickland*.

Even if Hamilton were able to show that his counsel's performance was inadequate, he failed to show that he suffered sufficient prejudice. "Even serious errors by counsel do not warrant granting habeas relief where the conviction is supported by overwhelming evidence of guilt." *Lindstadt v. Keane*, 239 F.3d 191, 204 (2d Cir. 2001). Substantial evidence (*e.g.*, Hamilton's own confessions, testimony from third parties about his actions before and after the victim's death, and forensic evidence) points to Hamilton's guilt. Given the strength of the evidence against Hamilton, any potential ineffectiveness did not rise to prejudicial error under the deferential standard of review under AEDPA and *Strickland*.

We have considered the remainder of Hamilton's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5