People v Ortiz (2024 NY Slip Op 04402)

People v Ortiz

2024 NY Slip Op 04402

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2017-04580
 (Ind. No. 7484/14)

[*1]The People of the State of New York, respondent,
v
Javier Ortiz, appellant.

Patricia Pazner, New York, NY (Denise A. Corsi of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Avshalom Yotam of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Evelyn Laporte, J.), rendered April 17, 2017, convicting him of murder in the second degree, manslaughter in the first degree, and robbery in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Following a jury trial, the defendant was convicted, under an acting-in-concert theory, of murder in the second degree, manslaughter in the first degree, and robbery in the first degree, arising out of an incident in Brooklyn in September 2014, wherein the defendant, together with others, robbed two victims, killing one and seriously injuring the other.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the Supreme Court should have granted his motion
for a severance is without merit. Here, the charges against the defendant and the codefendants were properly joined because they were part of a common scheme or plan (see CPL 200.40[1]; People v Montello, 197 AD3d 575, 577; People v Wright, 166 AD3d 1022, 1023-1024). Moreover, the proof against the defendant and the codefendants was supplied by the same witnesses (see People v Montello, 197 AD3d at 577; People v Wallace, 261 AD2d 493, 493), and the defendant's defense was not antagonistic to that of the codefendants (see People v Mahboubian, 74 NY2d 174, 186).
The defendant failed to preserve for appellate review his contention that the Supreme Court's Sandoval rulings (see People v Sandoval, 34 NY2d 371) violated his state and federal right to a fair trial, to testify, and to present a defense (see CPL 470.05[2]). In any event, the court properly determined, after a Sandoval hearing, that if the defendant took the stand, the prosecutor could question him about his status as an undocumented immigrant (see People v Medina, 281 AD2d [*2]563, 564; People v Caicedo 173 AD2d 630, 631). Although the court should have denied the People's application to question the defendant as to his gang affiliation if he were to testify (see People v Kennedy, 101 AD3d 1045, 1046; People v Sellan, 143 AD2d 690, 691), under the circumstances of this case, the error in permitting the questioning was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to his convictions (see People v Crimmins, 36 NY2d 230, 241-242; People v Kennedy, 101 AD3d at 1046).
The defendant failed to preserve for appellate review his challenge to the admission of photographs of the decedent (see CPL 470.05[2]), except as to his challenge to the admission of the autopsy photographs of the decedent (see id.). In any event, the challenged photographs were neither excessively gruesome nor introduced solely for the purpose of arousing the jurors' passions and prejudicing the defendant (see People v Fletcher, 84 AD3d 1265, 1266; People v Rivera, 74 AD3d 993, 994). Since those photographs were relevant to help illustrate and corroborate the testimony of the medical examiner regarding the cause of death (see People v Fletcher, 84 AD3d at 1266; People v Prowse, 60 AD3d 703, 704) and to prove the defendant's intent (see People v Pobliner, 32 NY2d 356, 369; People v Allan, 41 AD3d 727, 728), they were properly admitted into evidence.
The defendant's challenge to certain remarks made by the prosecutor during his summation are unpreserved for appellate review (see CPL 470.05[2]). In any event, the challenged remarks constituted fair comment on the evidence and the inferences to be drawn therefrom (see People v Fuhrtz, 115 AD3d 760, 760; People v Birot, 99 AD3d 933, 933) or were fair response to the comments of defense counsel during summation (see People v Long, 222 AD3d 881, 882; People Fuhrtz, 115 AD3d at 760). To the extent that any of the prosecutor's remarks were improper, the statements "'were not so flagrant or pervasive' as to have deprived the defendant of a fair trial" (People v Long, 222 AD3d at 882, quoting People v Almonte, 23 AD3d 392, 394).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court