*871
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, the defendant’s plea of guilty vacated, and the case remitted to Supreme Court for further proceedings in accordance with this memorandum.
 

 By felony complaint, defendant was charged with criminal possession of a weapon in the second degree and unlawful possession of marihuana, following his arrest for unlawful possession of a loaded .38 caliber firearm. After the People presented their case to the Grand Jury but before an indictment was voted, defendant agreed to waive his right to prosecution by Grand Jury indictment and to plead guilty to attempted criminal possession of a weapon in the third degree by way of a superior court information, in full satisfaction of all pending charges. The People, on that same day, filed a superior court information charging defendant with attempted criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01).
 

 The People’s consent to this resolution and disposition of the case was conditioned on defendant’s being sentenced to two years to life imprisonment, if the court determined he was a persistent violent felony offender. Supreme Court accepted the plea and approved the plea terms, and adjudged defendant a class E violent felony offender
 
 (see,
 
 Penal Law § 70.02 [1] [d]). Defendant’s two prior convictions for criminal possession of a weapon thus earned him a sentence as a persistent violent felony offender
 
 (see,
 
 Penal Law § 70.08), and he was given two years to life. The Appellate Division affirmed and a Judge of this Court granted defendant leave to appeal.
 

 Defendant’s adjudication as a class E violent felony offender and subsequent sentence as a persistent violent felony offender based on his plea to the top count of the superior court information contravenes an express threshold qualification in CPL 220.20. The sentence and plea must, therefore, be vacated.
 

 In pertinent part, Penal Law § 70.08 (1) (a) defines a persistent violent felony offender as "a person who stands convicted of a violent felony offense as defined in subdivision one of section 70.02.” Defendant pleaded guilty to attempted criminal possession of a weapon in the third degree which, under Penal Law § 70.02 (1) (d), constitutes a class E violent felony
 
 *872
 
 offense only when defendant is convicted of such charge as "a lesser included offense * * * as defined in section 220.20 of the criminal procedure law.” CPL 220.20 (1) in turn defines a "lesser included offense” as one where the defendant pleads "to an offense of lesser grade than one charged in a count of an indictment.” Thus, according to the plain statutory language, a class E violent felony offense is reserved for accuseds who plead guilty to attempted criminal possession of a weapon in the third degree as a lesser included offense under an indictment charging a greater offense
 
 (see,
 
 CPL 220.20 [1]; Penal Law § 70.02 [1] [d]).
 

 Inasmuch as defendant did not plead guilty to a lesser included offense and since he pleaded guilty to the top count of a superior court information, he was ineligible for the sentence Supreme Court imposed upon him as a persistent violent felony offender. The People’s consent to this plea agreement was predicated on defendant receiving a sentence of two years to life if he were found to be a persistent felony offender. Since the form of disposition was not authorized and since we vacate the sentence, the People should be permitted, if so advised, to withdraw their consent to the plea agreement
 
 (see, People v Cameron,
 
 83 NY2d 838, 840, citing
 
 People v Farrar,
 
 52 NY2d 302, 307-308; CPL 195.10).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 Order reversed, etc.