■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SHERMAN, Appellant. [634 NYS2d 231] —Spain, J. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered April 26, 1994, convicting defendant upon his plea of guilty of the crimes of aggravated sexual abuse in the second degree and promoting prison contraband in the first degree.

Pursuant to a plea bargain, defendant pleaded guilty to two separate crimes set forth in a superior court information, to wit: the aggravated sexual abuse of a six-year-old girl and promoting prison contraband by knowingly receiving two hacksaw blades while in the Sullivan County Jail. Defendant was sentenced, as agreed, to two concurrent sentences of imprisonment, the greater being 5 to 10 years. Defendant appeals, contending that the superior court information was jurisdictionally defective.

Defendant contends that the written waiver of indictment (CPL 195.20) failed to properly identify the pending charges on which he was bound over pending action of the Grand Jury. CPL 195.20 does not mandate that the offenses for which defendant was held for action of a Grand Jury be identified within the statutory written waiver of indictment. An examination of the record reveals that defendant was being held for Grand Jury action at the time of the waiver on both of the two unrelated matters (*cf., People v Rancka*, 193 AD2d 1124 [Appeal No. 3]). Defendant further contends that his prior criminal record might have qualified him as a persistent felony offender and, as a result, for a life sentence on the matters upon which he was held pending Grand Jury action. We find no merit to defendant's contention that the mere possibility of persistent felony offender treatment operates to oust County Court of jurisdiction to proceed upon a superior court informa-

tion because of the constitutional limitations on the use of waivers of indictments involving offenses punishable by life imprisonment (*see*, NY Const, art I, § 6; *People v Dickerson*, 201 AD2d 400, *revd on other grounds* 85 NY2d 870; *see also*, *People v Melendez*, 210 AD2d 74, *lv denied* 85 NY2d 940).

After defendant's guilty plea, defendant and his attorney stated on the record that certain items of potential evidence had been discussed between them. We find no basis to conclude that the colloquy suggests anything in regard to the effectiveness of the legal representation afforded defendant. The record is devoid of any indication that defendant was denied the effective assistance of counsel (*see*, *People v Flores*, 84 NY2d 184).

Cardona, P. J., White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.