■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL FISHER, Appellant. [664 NYS2d 277] —Judgment, Supreme Court, New York County (Arlene Silverman, J., at pretrial proceedings; Bernard Fried, J., at jury trial), rendered June 13, 1995, convicting defendant of robbery in the second degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

We reject defendant's claim that he was deprived of a fair trial by the introduction of allegedly "perjured" testimony. Inconsistency in the evidence does not warrant a conclusion that perjury was committed (*see, People v Kitchen*, 162 AD2d 178, *lv denied* 76 NY2d 941). The inconsistences and their explanatory circumstances were brought to the jury's attention or were available to defendant.

Defendant was properly permitted to proceed *pro se*. A fair reading of the record, including the court's inquiry, defendant's substantial prior exposure to criminal proceedings, and

defendant's obvious familiarity with legal procedures as demonstrated by his numerous *pro se* motions and applications, leads to the conclusion that defendant's choice to proceed *pro se*, with the assistance of a legal adviser, was made knowingly and intelligently (*see, People v Whitted*, 113 AD2d 454). The limited nature of defendant's legal expertise did not preclude exercise of his constitutional right of self-representation (*see, People v Davis*, 49 NY2d 114, 120).

The trial court appropriately exercised its discretion in denying defendant's application for dismissal of the jury panel based upon a claim of prejudice from the remarks of a venireperson. Any possible prejudice to defendant was obviated by the court's instruction to the panel (*see, People v Ali*, 241 AD2d 321).

We have considered defendant's additional claims of error, including those raised in his *pro se* supplemental brief, and find them to be without merit. Concur—Ellerin, J. P., Nardelli, Rubin and Mazzarelli, JJ.