■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR MARTINEZ, Appellant. [731 NYS2d 183] —Judgment, Supreme Court, Bronx County (Daniel FitzGerald, J.), rendered November 30, 1998, convicting defendant, after a jury trial, of murder in the second degree (two counts), robbery in the first and second degrees, and kidnapping in the second degree, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant's arguments are similar to arguments previously rejected by this Court on a codefendant's appeal (*People v Simpson*, 284 AD2d 238) and there is no reason to reach a different result here. Defendant's claim that the testimony of an accomplice was insufficiently corroborated is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that there was extensive corroborating evidence supplied by two non-accomplice witnesses (see, *People v Daniels*, 37 NY2d 624, 629). Defendant's challenges to the corroborating evidence raise credibility issues that were properly for the jury to resolve.

Defendant's claim that the People deliberately elicited "false" testimony is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be without merit. Defendant complains that at the instant trial a fellow inmate testified to a conversation with defendant in which defendant made admissions concerning the murder in question, whereas at defendant's prior trial for attempted murder and related crimes, the inmate testified about the same

conversation, but testified only as to defendant's admissions concerning those crimes, omitting any mention of the murder.

At each of the two trials, all parties were careful to avoid eliciting uncharged crimes, so at each trial the inmate witness was only questioned about the pertinent portion of defendant's jailhouse admissions. This was known to defendant, and defendant was free to explore this at the instant trial. It had nothing to do with the People's obligations concerning "false" testimony (*People v Smith*, 248 AD2d 148; *People v Fisher*, 244 AD2d 191, *lv denied* 91 NY2d 891). Concur—Wallach, J. P., Rubin, Buckley, Friedman and Marlow, JJ.