■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WILLIAMS, Appellant. [735 NYS2d 36] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered July 23, 1999, convicting defendant, after a jury trial, of robbery in the first degree (two counts), robbery in the second degree (two counts), and criminal possession of stolen property in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 15 years, 15 years, 10 years, 10 years, and 3 to 6 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating defendant's second violent felony offender adjudication and substituting therefor a second felony offender adjudication, and otherwise affirmed.

The court properly admitted a redacted portion of a codefendant's plea allocution as a statement against penal interest, since the declarant's admission was made under circumstances that rendered it trustworthy (*People v Thomas*, 68 NY2d 194, 199, *cert denied* 480 US 948). The codefendant pleaded guilty to robbery in the second degree, and in satisfaction of the essential element of forcible stealing, he admitted that the force he used was his display of a box cutter. Accordingly, this admission was self-incriminating and not gratuitous or contrived (*compare, People v Blades*, 93 NY2d 166). The fact that the codefendant had made a self-serving post-arrest statement that contradicted his plea allocution did not undermine the reliability of the declaration against penal interest, which was extensively corroborated (*see, People v Settles*, 46 NY2d 154, 168-170) by testimony from a victim that he had been threatened with a metal object held to his chest and by the recovery of the box cutter from the codefendant's pocket shortly after the robbery.

The court properly exercised its discretion in admitting evidence of uncharged criminal activity by two of defendant's accomplices. Prior to the robbery, a team of plainclothes police officers had been keeping defendant and his accomplices under surveillance. During that period, two of the accomplices followed one of the officers into a vestibule and cornered the officer, who managed to escape without revealing his identity. This evidence was probative of the intent of all the members of the group, including defendant, to rob the civilian victims shortly thereafter, especially when coupled with evidence that the officers had observed the entire group engaged in what appeared to be "casing" activities around the neighborhood (*see, People v Davis*, 251 AD2d 91, *lv denied* 92 NY2d 924). Moreover, the vestibule incident served to complete the narrative by showing that the officer's suspicions had been heightened, leading him to continue his surveillance and to witness the eventual robbery itself.

Defendant has not preserved his claim that he was improperly adjudicated a second violent felony offender. However, we exercise our power to review in the interest of justice and conclude that, as the People implicitly concede, defendant's Richmond County plea to attempted criminal possession of a weapon in the third degree cannot serve as a predicate *violent* felony conviction, since he waived indictment and pleaded to that offense as the top charge of a superior court information rather than as a lesser included offense of a greater charge (*see, People v Dickerson*, 85 NY2d 870). Accordingly, we modify

as indicated above. We perceive no basis for either a remand for resentencing or a reduction of sentence. Concur—Nardelli, J. P., Mazzarelli, Andrias, Ellerin and Rubin, JJ.