■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WILLIAMS, Appellant. [736 NYS2d 633] —Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered February 27, 1998, convicting him of murder in the first degree, murder in the second degree,

criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), attempted robbery in the first degree (two counts), and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentences imposed on the convictions of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), and attempted robbery in the first degree (two counts); as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings consistent herewith.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Hunt*, 177 AD2d 649). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

However, the County Court erroneously sentenced the defendant as a persistent violent felony offender. Penal Law § 70.02 (1) (d) classifies attempted criminal possession of a weapon in the third degree as a violent felony when that crime is a lesser-included offense of another crime charged (*see, People v Dickerson*, 85 NY2d 870). In 1992 the defendant pleaded guilty to the only charge of attempted criminal possession of a weapon in the third degree and, therefore, the conviction did not qualify as a violent felony. Accordingly, the defendant's sentences on his convictions of criminal possession of a weapon in the second degree, two counts of criminal possession of a weapon in the third degree, and two counts of attempted robbery in the first degree, must be vacated and the matter remitted to the County Court, Nassau County, for resentencing as to those counts.

The defendant's remaining contentions are without merit. Santucci, J.P., S. Miller, Friedmann and Prudenti, JJ., concur.