■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR CHEBERE, Appellant. [740 NYS2d 25] —Judgment, Supreme Court, Bronx County (Daniel FitzGerald, J.), rendered November 30, 1998, convicting defendant, after a jury trial, of murder in the second degree (two counts), robbery in the first and second degrees and kidnapping in the second degree, and sentencing him to concurrent terms of 22 years to life (two terms), 12½ to 25 years, 5 to 15 years, and 8⅓ to 25 years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant's arguments are similar to arguments previously rejected by this Court on the codefendants' appeals (*People v Martinez*, 287 AD2d 353, *lv*

*denied* 97 NY2d 685; *People v Simpson*, 284 AD2d 238, *lv denied* 96 NY2d 942), and there is no reason to reach a different result here.

The court properly admitted evidence of uncharged crimes. Evidence of defendant's extensive involvement in the drug trade was highly probative of motive, was inextricably interwoven with the narrative of events and was necessary background to explain the relationship among the defendants and their relationship with the victim (*see, People v Wiggins*, 279 AD2d 370, *lv denied* 96 NY2d 869). We do not find that an excessive amount of such evidence was presented. Under the circumstances of the case, an effort to limit or sanitize this evidence would have unduly restricted its probative value (*cf., People v Matthews*, 276 AD2d 385, *lv denied* 96 NY2d 736).

The prosecutor's cross-examination of defendant concerning his alleged abuse of his girlfriend did not deprive him of a fair trial. This cross-examination had a good faith basis and was relevant to defendant's credibility (*see, People v Alamo*, 23 NY2d 630, *cert denied* 396 US 879). In any event, defendant answered the prosecutor's single question on this subject in the negative, and no further inquiry was permitted by the court.

The minor limitation placed on defense counsel's summation was proper since counsel persisted in making an argument that was not based on the evidence and amounted to personal attacks on the prosecutor (*see, e.g., People v Diaz*, 170 AD2d 202). Counsel nevertheless received ample latitude to argue the point he was seeking to advance.

We perceive no basis for a reduction of sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Andrias, Wallach, Rubin and Marlow, JJ.