■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE LORA, Appellant. [748 NYS2d 8] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered January 17, 1997, convicting defendant, after a jury trial, of murder in the second degree (two counts) and conspiracy in the second degree, and sentencing him to consecutive terms of 25 years to life (two terms) and 8¹/₃ to 25 years, and judgment, same court (Dorothy Cropper, J.), rendered April 6, 1998,

150

convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a consecutive term of 25 years to life, unanimously affirmed.

Defendant received effective assistance of counsel at a pretrial lineup. Although the attorney who represented defendant for the limited purpose of a lineup (see People v LaClere, 76 NY2d 670, 673), but not for any subsequent purposes, had previously represented two prosecution witnesses in unrelated matters, defendant has not established that this potential conflict operated on counsel's representation at the lineup, which did not involve either of the prosecution witnesses at issue (see People v Allen, 88 NY2d 831, 832; People v Recupero, 73 NY2d 877, 879; see also Cuyler v Sullivan, 446 US 335, 348-350). Accordingly, the court was not obligated to conduct an inquiry as whether defendant was waiving his right to conflict-free representation.

Defendant's challenges to the courts' reasonable doubt charges in each of his two trials require preservation (People v Thomas, 50 NY2d 467), and we decline to review these unpreserved claims in the interest of justice. Were we to review these claims, we would find that both charges conveyed the proper standards (see People v Cubino, 88 NY2d 998).

Defendant's challenge to evidence of criminal activity by his drug-trafficking gang is also unpreserved. While defendant successfully sought to exclude certain other evidence, and alluded to concerns about the scope of the background and motive evidence presently at issue, he conceded the propriety of admitting some such evidence, never articulated any objection to the specific evidence challenged on appeal, and never objected when the specific evidence was admitted (see People v Borrello, 52 NY2d 952). To the extent that defendant challenged any of this evidence, he abandoned that challenge (see People v Graves, 85 NY2d 1024, 1027). We decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would find that the evidence was properly admitted as relevant background to understanding the relationship between the witnesses and defendant and on the issue of defendant's motive in committing the murder which was the subject of the second trial (see People v Chebere, 292 AD2d 323, lv denied 98 NY2d 673).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Saxe, Rosenberger, Friedman and Marlow, JJ.