■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS BANUCHI, Appellant. [760 NYS2d 10] —Judgment, Supreme Court, New York County (Michael Sonberg, J.), rendered March 15, 2000, convicting defendant, after a jury trial, of robbery in the second degree and grand larceny in the fourth degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 16 years to life and 2 to 4 years, respectively, unanimously modified, on the law, to the extent of

vacating the sentence and remanding the matter for resentencing as a second violent felony offender, and otherwise affirmed.

The trial court erred in sentencing defendant as a persistent violent felony offender based upon his 1987 and 1991 convictions for attempted criminal possession of a weapon in the third degree under Penal Law §§ 110.00 and 265.02 (1). Penal Law § 70.08 (1) (a) requires that in order to be sentenced as a mandatory persistent violent felony offender, a defendant must have previously been convicted of two or more violent felony offenses as defined in Penal Law § 70.02 (see Penal Law § 70.02 [1] [b]). Penal Law § 70.02 (1) (d) provides that a conviction for attempted criminal possession of a weapon in the third degree is only a class E violent felony offense when a defendant is convicted of the charge as a "lesser included" offense; i.e., an offense of a lesser grade than the one charged in a count of an indictment (CPL 220.20 [1]).

Since defendant's 1987 conviction for attempted criminal possession of a weapon in the third degree arose out of a plea to the top count of a superior court information and not to the lesser included offense of a count of an indictment, the underlying crime could not be considered a violent felony offense (see People v Dickerson, 85 NY2d 870 [1995]). Although the minutes of defendant's 1991 plea reveal that he admitted to the prior 1987 felony at that time, defendant did not expressly admit that it was a violent felony, and thus, defendant is not estopped on that issue. Under these circumstances, defendant had only one prior violent felony conviction in 1991 for attempted criminal possession of a weapon in the third degree. Since the sentence imposed was therefore facially improper, it is not necessary that it have been preserved by objection below (see People v Samms, 95 NY2d 52 [2000]).

The challenged portions of the People's summation generally constituted fair comment on the evidence in response to defense counsel's arguments, and there was no pattern of egregious misconduct (see People v Overlee, 236 AD2d 133 [1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1992], lv denied 81 NY2d 884 [1993]). In any event, any part of the prosecutor's summation that may have been improper was harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]). Concur—Andrias, J.P., Ellerin, Lerner, Friedman and Marlow, JJ.