■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON CORDOVA-DIAZ, Appellant. [865 NYS2d 92]—

Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered December 19, 2005, convicting defendant, after a

jury trial, of attempted murder in the second degree, and sentencing him, as a second felony offender, to a term of 15 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility.

The court properly admitted limited evidence concerning the marijuana-trafficking relationship between defendant and the victim. This evidence was highly probative of motive, and we note that even on this appeal, in challenging the sufficiency and weight of the evidence, defendant argues that he lacked a motive for the crime. The court properly rejected defendant's suggestion that the evidence should have been limited to testimony about a dispute over a money debt, since such an attempt to sanitize the evidence would have unduly diminished its probative value (*see People v Chebere*, 292 AD2d 323 [2002], *lv denied* 98 NY2d 673 [2002]). This evidence was also necessary to explain aspects of the victim's testimony, which would have been incomprehensible to the jury had all references to drug dealing been excised. The probative value of this evidence outweighed its prejudicial effect, which the court minimized by way of a limiting instruction.

Defendant's arguments concerning the prosecutor's cross-examination of alibi witnesses and the court's failure to discharge a juror who was arrested during the trial for possession of marijuana are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

Defendant's claim that his attorney rendered ineffective assistance when he asked the court not to discharge the juror-arrestee is unreviewable on direct appeal because it involves tactical matters outside the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). An attorney's evaluation of whether a particular juror is likely to be favorable or unfavorable is a quintessentially tactical decision. On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Under the circumstances of the case, a reasonably competent trial attorney may have had sound reasons for being eager to keep a juror who had been arrested for marijuana possession. Concur—Mazzarelli, J.P., Friedman, Nardelli, Williams and Freedman, JJ.