(July 28, 2011)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE CUNNINGHAM, Appellant. [927 NYS2d 485]—

Kavanagh, J.

After defendant's motion to dismiss on the ground that the

People had violated his statutory right to a speedy trial was denied (*see* CPL 30.30), he pleaded guilty to three charges contained in the indictment, including one count of criminal possession of a controlled substance in the third degree. Defendant was later determined to be a second felony drug offender who had been previously convicted of a violent felony, and was sentenced to six years in prison, plus three years of postrelease supervision (*see* Penal Law § 70.70 [1] [b], [c]; [4] [a]).[1] Defendant now appeals, claiming that he was denied his statutory right to a speedy trial and was improperly classified for sentencing purposes as a second felony offender who had been previously convicted of a prior violent felony (*see* Penal Law § 70.70 [4] [a], [b] [i]).

Initially, we note that when defendant entered his guilty plea "he forfeited his right to claim that he was deprived of a speedy trial under CPL 30.30" (*People v O'Brien*, 56 NY2d 1009, 1010 [1982]; *see People v Zakrzewski*, 69 AD3d 1055 [2010], *lv denied* 15 NY3d 758 [2010]). As for his classification as a second felony drug offender who had been previously convicted of a prior violent felony,[2] such classification was based on defendant's 1999 conviction for attempted criminal possession of a weapon in the third degree (*see* Penal Law § 265.02 [former (4)]).[3] A plea of guilty to attempted criminal possession of a weapon in the third degree (*see* Penal Law § 265.02) is a violent felony offense if, when entered, the plea was to a " 'lesser grade' " of an offense in the indictment that qualifies as a violent felony (*People v Dickerson*, 85 NY2d 870, 872 [1995], quoting CPL 220.20; *see* Penal Law § 70.02 [1] [d]). Defendant argues that County Court should not have classified his prior conviction as a violent felony offense because the accusatory instrument used in that proceeding was a superior court information—and not an indictment— and, as such, his guilty plea to the lesser grade offense cannot qualify as a violent felony. We disagree. A "superior court information has the same force and effect as an indictment and all procedures and provisions of law applicable to indictments are also applicable to superior court informations, except where otherwise expressly provided" (CPL 200.15). Moreover, "[e]xcept as used in [a]rticle 190, the term indictment shall include a

---

**1.** Defendant also received a sentence of a conditional discharge on his convictions for criminal possession of a controlled substance in the seventh degree and criminally using drug paraphernalia in the second degree.

**2.** The uniform sentence and commitment form improperly refers to defendant as a second violent felony offender.

**3.** Penal Law § 265.02 (former [4]) has since been repealed (*see* Penal Law § 265.02, as amended by L 2006, ch 742, § 1) and subsequently removed from Penal Law § 70.02 (as amended by L 2007, ch 7, § 32).

superior court information" (CPL 200.10). Thus, defendant's plea to attempted criminal possession of a weapon in the third degree was properly determined to be a violent felony offense (*see* Penal Law § 70.02 [1] [d]; *People v Henry*, 52 AD3d 841, 843 [2008], *lv denied* 11 NY3d 789 [2008]).

Spain, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.