■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACY BYRDSONG, Appellant. [980 NYS2d 761]—

Judgment, Supreme Court, Bronx County (Peter J. Benitez, J.), rendered July 1, 2010, as amended July 23, 2010, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 12 years to life, unanimously affirmed.

Defendant's prosecution by superior court information did not violate the constitutional provision against waiver of indictment by a person charged with "an offense . . . punishable by death or life imprisonment" (NY Const, art I, § 6), even though he ultimately received a life sentence as a persistent violent felony offender (*see People v Melendez*, 210 AD2d 74 [1st Dept 1994], *lv denied* 85 NY2d 940 [1995]; *see also People v Sherman*, 221 AD2d 813 [3d Dept 1995], *lv denied* 87 NY2d 925 [1996]). A life sentence is mandatory for a person adjudicated a persistent violent felony offender. Nevertheless, at the time defendant waived indictment, he was not charged with an offense punishable by life imprisonment. He was held on a felony complaint in which the highest charge was robbery in the first degree, a class B felony carrying a maximum sentence of 25 years. A conviction could have become the basis for a life sentence only upon completion of the procedures set forth in CPL article 400. Concur—Tom, J.P., Friedman, Saxe, Richter and Clark, JJ.