THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MILLAZZO, Appellant. [8 NYS3d 363]—

Appeal by the defendant from a judgment of the Supreme

Court, Queens County (Lewis, J., at plea; Chin-Brandt, J., at sentence), rendered June 17, 2013, convicting him of attempted criminal possession of a weapon in the second degree, criminal possession of a weapon in the fourth degree (two counts), and unlawful possession of pistol ammunition, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing as a second felony offender.

Contrary to the People's contention, under the circumstances of this case, the defendant's contention that he was improperly sentenced as a second violent felony offender is not subject to the preservation rule (*see People v Samms*, 95 NY2d 52 [2000]; *People v Banuchi*, 304 AD2d 402, 403 [2003]).

As correctly conceded by the People, the defendant was improperly sentenced as a second violent felony offender. In *People v Dickerson* (85 NY2d 870, 871-872 [1995]), the Court of Appeals determined that a plea of guilty to attempted criminal possession of a weapon in the third degree, when charged in "the top count" of a superior court information, did not constitute a violent felony pursuant to Penal Law § 70.02 (1) (d). Under Penal Law § 70.02 (1) (d), the crime of attempted criminal possession of a weapon in the third degree constitutes a class E violent felony offense only when the defendant is convicted of such charge as "a lesser included offense . . . as defined in section 220.20 of the criminal procedure law." CPL 220.20 (1) defines a "lesser included offense" as one where the defendant pleads "to an offense of lesser grade than one charged in a count of an indictment." "Thus, according to the plain statutory language, a class E violent felony offense is reserved for accuseds who plead guilty to attempted criminal possession of a weapon in the third degree as a lesser included offense under an indictment charging a greater offense" (*People v Dickerson*, 85 NY2d at 872). Here, in 2005, the defendant entered a plea of guilty to attempted criminal possession of a weapon in the third degree as the sole count of a superior court information. Therefore, the defendant's conviction of that crime, upon his plea of guilty, did not constitute a violent felony pursuant to Penal Law § 70.02 (1) (d) (*see People v Caraballo*, 79 AD3d 902, 903 [2010]; *People v Banuchi*, 304 AD2d at 403). Consequently, the defendant should not have been adjudicated a second violent felony offender, and the matter must be remitted to the Supreme Court, Queens County, for resentencing (*see People v Dickerson*, 85 NY2d at 872; *People v Caraballo*, 79

AD3d at 903). Eng, P.J., Leventhal, Hall and Roman, JJ., concur.