■ The People of the State of New York, Respondent, v Donnell Coleman, Appellant. [48 NYS3d 478]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered July 11, 2013, convicting him of gang assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing as a second felony offender.

The defendant preserved his challenge to the legal sufficiency of the evidence of the "serious physical injury" and "caus[ation]" elements of gang assault in the first degree (Penal Law § 120.07), but failed to preserve his challenge to the legal sufficiency of the "foreseeability" element of gang assault in the first degree (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of gang assault in the first degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The verdict was neither repugnant (*see People v Goodfriend*, 64 NY2d 695 [1984]; *People v Tucker*, 55 NY2d 1 [1981]) nor factually inconsistent (*see People v Muhammad*, 17 NY3d 532 [2011]; *People v Horne*, 97 NY2d 404 [2002]; *People v Tucker*, 55 NY2d 1 [1981]).

The Supreme Court providently exercised its discretion in admitting an autopsy photograph of the victim's skull with the scalp removed. The challenged photograph was neither excessively gruesome nor introduced solely for the purpose of arousing the jurors' passions and prejudicing the defendant (*see People v Fletcher*, 84 AD3d 1265 [2011]; *People v Rivera*, 74 AD3d 993 [2010]; *People v Prowse*, 60 AD3d 703 [2009]; *People v Reyes*, 49 AD3d 565 [2008]). Rather, the photograph was relevant to help illustrate and corroborate the testimony of the medical examiner regarding the cause of death (*see People v Fletcher*, 84 AD3d 1265 [2011]; *People v Prowse*, 60 AD3d 703 [2009]; *People v Reyes*, 49 AD3d 565 [2008]).

The defendant failed to preserve his contention that certain comments made by the prosecutor on summation deprived him of a fair trial, as he failed to object to the statements (*see* CPL 470.05; *People v Morris*, 2 AD3d 652 [2003]; *People v McHarris*, 297 AD2d 824 [2002]). In any event, the prosecutor's statements in his summation, for the most part, constituted fair comment on the evidence and the inferences to be drawn therefrom (*see People v Fuhrtz*, 115 AD3d 760 [2014]; *People v Birot*, 99 AD3d 933 [2012]; *People v Guevara-Carrero*, 92 AD3d 693 [2012]; *People v McHarris*, 297 AD2d at 825), or were fair response to defense counsel's comments during summation (*see People v Adamo*, 309 AD2d 808 [2003]; *People v Vaughn*, 209 AD2d 459 [1994]; *People v Clark*, 222 AD2d 446 [1995]), and any improper statements were not "so flagrant or pervasive" as to deprive the defendant of a fair trial (*People v Almonte*, 23 AD3d 392, 394 [2005]; *see People v Svanberg*, 293 AD2d 555 [2002]).

Contrary to the People's contention, under the circumstances of this case, the defendant's contention that he was improperly sentenced as a second violent felony offender is not subject to the preservation rule (*see People v Samms*, 95 NY2d 52 [2000]).

As correctly conceded by the People, the defendant was improperly sentenced as a second violent felony offender. In *People v Dickerson* (85 NY2d 870, 871-872 [1995]), the Court of Appeals determined that a plea of guilty to attempted criminal possession of a weapon in the third degree, when charged in the top count of a superior court information, did not constitute a violent felony pursuant to Penal Law § 70.02 (1) (d). Under Penal Law § 70.02 (1) (d), the crime of attempted criminal possession of a weapon in the third degree constitutes a class E violent felony offense only when the defendant is convicted of such charge as "a lesser included offense . . . as defined in section 220.20 of the criminal procedure law." CPL 220.20 (1)

defines a "lesser included offense" as one where the defendant pleads "to an offense of lesser grade than one charged in a count of an indictment." "Thus, according to the plain statutory language, a class E violent felony offense is reserved for accuseds who plead guilty to attempted criminal possession of a weapon in the third degree as a lesser included offense under an indictment charging a greater offense" (*People v Dickerson*, 85 NY2d at 872). Here, in 2003, the defendant entered a plea of guilty to attempted criminal possession of a weapon in the third degree as the sole count of a superior court information. Therefore, the defendant's conviction of that crime, upon his plea of guilty, did not constitute a violent felony pursuant to Penal Law § 70.02 (1) (d) (*see People v Millazzo*, 127 AD3d 1237 [2015]; *People v Caraballo*, 79 AD3d 902, 903 [2010]; *People v Banuchi*, 304 AD2d 402, 403 [2003]). Consequently, the defendant should not have been adjudicated a second violent felony offender, and the matter must be remitted to the Supreme Court, Queens County, for resentencing as a second felony offender (*see People v Dickerson*, 85 NY2d at 872; *People v Millazzo*, 127 AD3d 1237 [2015]; *People v Caraballo*, 79 AD3d at 903).

In light of this Court's remittal for resentencing, the defendant's contention that he was deprived of the effective assistance of counsel because his attorney failed to challenge his sentence as a second violent felony offender is academic. Balkin, J.P., Hall, LaSalle and Barros, JJ., concur.