People v Nelson (2018 NY Slip Op 02014)





People v Nelson


2018 NY Slip Op 02014


Decided on March 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2018

Renwick, J.P., Manzanet-Daniels, Kahn, Kern, Singh, JJ.


6073 136/15

[*1]The People of the State of New York, Respondent,
v
Danial Nelson, Defendant-Appellant.


FisherBroyles, LLP, New York (Timothy Parlatore of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Vincent Rivellese of counsel), for respondent.



Judgment, Supreme Court, New York County (Patricia M. Nuñez, J.), rendered June 10, 2016, convicting defendant, after a jury trial, of sexual abuse in the first degree and obstruction of breathing or blood circulation, and sentencing him to an aggregate term of four years, unanimously affirmed.
The prosecutor's disclosure, during jury deliberations, of several missing pages from the victim's emergency room treatment record does not require reversal because defendant has not demonstrated that there was "a reasonable possibility that the non-disclosure materially contributed to the result of the trial" (CPL 240.75; see People v Martinez, 22 NY3d 551, 566-567 [2014]).
To the extent the missing pages could also be viewed as discoverable under Brady v Maryland (373 US 83 [1963]), there is likewise no reasonable possibility that the belated disclosure contributed to the verdict (see People v Vilardi, 76 NY2d 67, 77 [1990]). Defendant was not prejudiced by his inability to cross-examine the victim about this material, because it had little or no impeachment value when viewed in the context of defendant's defense of consent and the issues actually litigated at trial. Furthermore, the deliberating jury was ultimately provided with a complete set of the emergency room records. Although the newly added pages were not highlighted for quick reference, the records as a whole were not voluminous, and the court told the jury that it was receiving a new set of records because the original set had been incomplete. In any event, any error was harmless (see People v Crimmins, 36 NY2d 230 [1975]) in view of the overwhelming evidence refuting defendant's consent defense.
The court's Sandoval ruling, which permitted cross-examination of defendant about violent acts against a former girlfriend, balanced the appropriate factors and was a proper exercise of discretion (see People v Hayes, 97 NY2d 203 [2002]; People v Walker, 83 NY2d 455, 458-459 [1994]; People v Pavao, 59 NY2d 282, 292 [1983]). These acts were highly probative of defendant's credibility, especially when viewed in light of defendant's direct testimony, and the questioning was not unduly prejudicial (see People v Chebere, 292 AD2d 323 [1st Dept 2002], 98 NY2d 673 [2002]).
The court providently exercised its discretion in admitting into evidence defendant's text messages from the night of the incident, because defendant's testimony opened the door to this evidence. Defendant's remaining challenges to the prosecutor's cross-examination and summation are unpreserved, and we decline to review them in the interest of justice. As an [*2]alternative holding, we find that to the extent there were any improprieties, they did not deprive defendant of a fair trial and do not warrant reversal in light of the overwhelming evidence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 22, 2018
DEPUTY CLERK