People v Mena (2019 NY Slip Op 03993)





People v Mena


2019 NY Slip Op 03993


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2013-06145
 (Ind. No. 8960/11)

[*1]The People of the State of New York, respondent,
v
Jonathan Mena, appellant.


Paul Skip Laisure, New York, NY (Dina Zloczower of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Denise Pavlides of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ann M. Donnelly, J.), rendered May 29, 2013, convicting him of robbery in the first degree, robbery in the second degree, burglary in the first degree, burglary in the second degree, assault in the second degree, and kidnapping in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that certain remarks made by the prosecutor during summation were improper is, for the most part, unpreserved for appellate review (see CPL 470.05[2]; People v Wilson, 163 AD3d 881, 882; People v Rogers, 161 AD3d 1013, 1015). In any event, many of the other challenged summation remarks were within the bounds of permissible rhetorical comment, a fair response to statements made by defense counsel, or fair comment on the reasonable inferences to be drawn from the evidence (see People v Rogers, 161 AD3d at 1014; People v Blue, 136 AD3d 840). To the extent that some of the challenged remarks were improper, they were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Coleman, 148 AD3d 717, 718; People v Almonte, 23 AD3d 392, 394).
The defendant's contentions, including those raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel are based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitute a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's contention in his pro se supplemental brief that he was deprived of a fair trial because the prosecutor failed to correct false testimony by prosecution witnesses is based in part on matter outside the record and cannot be reached on direct appeal (see People v King, 161 AD3d 772, 775; People v Martinez, 287 AD2d 353, 354).
Contrary to the defendant's argument raised in his pro se supplemental brief, the People established that the police had reasonable suspicion to detain the defendant and that the [*2]reasonable suspicion ripened into probable cause to place him under arrest (see People v Lawson, 163 AD3d 996, 998-999; People v Cotsifas, 100 AD3d 1015, 1015).
The defendant's remaining contentions raised in his pro se supplemental brief are without merit.
BALKIN, J.P., ROMAN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court