People v Williams (2019 NY Slip Op 08231)





People v Williams


2019 NY Slip Op 08231


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-06020
 (Ind. No. 570/16)

[*1]The People of the State of New York, respondent,
v
Marquise I. Williams, appellant.


Paul Skip Laisure, New York, NY, for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, William H. Branigan, and Vinnette K. Campbell of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory Lasak, J.), rendered May 16, 2017, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.
The defendant should not have been sentenced as a persistent violent felony offender. In People v Dickerson (85 NY2d 870, 871-872), the Court of Appeals determined that a plea of guilty to attempted criminal possession of a weapon in the third degree, when charged in the top count of a superior court information, does not constitute a violent felony pursuant to Penal Law § 70.02(1)(d). Under Penal Law § 70.02(1)(d), the crime of attempted criminal possession of a weapon in the third degree constitutes a class E violent felony offense only when the defendant is convicted of such charge as "a lesser included offense . . . as defined in section 220.20 of the criminal procedure law." CPL 220.20(1) defines a "lesser included offense" as one where the defendant pleads guilty "to an offense of lesser grade than one charged in a count of an indictment." "Thus, according to the plain statutory language, a class E violent felony offense is reserved for accuseds who plead guilty to attempted criminal possession of a weapon in the third degree as a lesser included offense under an indictment charging a greater offense" (People v Dickerson, 85 NY2d at 872).
Here, in 2006, the defendant entered a plea of guilty to attempted criminal possession of a weapon in the third degree as the sole count of a superior court information. Therefore, the defendant's conviction of that crime, upon his plea of guilty, did not constitute a violent felony pursuant to Penal Law § 70.02(1)(d) (see People v Coleman, 148 AD3d 717; People v Millazzo, 127 AD3d 1237; People v Caraballo, 79 AD3d 902, 903). Consequently, the defendant should not have been adjudicated a persistent violent felony offender, and the matter must be remitted to the Supreme Court, Queens County, for resentencing, including a determination and adjudication of the defendant's status under article 400 of the Criminal Procedure Law (see People v Dickerson, 85 [*2]NY2d at 872; People v Coleman, 148 AD3d 717; People v Millazzo, 127 AD3d 1237).
In light of our determination, we need not reach the defendant's remaining contention.
CHAMBERS, J.P., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court