People v Joseph (2022 NY Slip Op 06013)

People v Joseph

2022 NY Slip Op 06013

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2019-11038
 (Ind. No. 4984/17)

[*1]The People of the State of New York, respondent,
v
Marvin Joseph, appellant.

Patricia Pazner, New York, NY (Caitlyn Carpenter of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Amy Appelbaum, and Nicole Leibow of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Evelyn J. Laporte, J.), rendered September 12, 2019, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
After a verbal altercation with two men, who, according to the defendant, had been a part of a group of men who had attacked him two weeks earlier, the defendant fired a gun toward a third man, severely injuring a bystander across the street. The defendant argued that the shooting was justified because the third man appeared to be running toward his girlfriend holding a concealed weapon (see Penal Law § 35.15). At the conclusion of a jury trial, the defendant was acquitted of attempted murder in the second degree and assault in the first degree, but was found guilty of criminal possession of a weapon in the second degree.
The defendant's contention that he was deprived of a fair trial by certain statements made by the prosecutor during opening statements and summation is unpreserved for appellate review since the defendant failed to object to the challenged statements (see CPL 470.05[2]; People v Tonge, 93 NY2d 838, 839-840). In any event, most of the challenged statements constituted fair comment on the evidence and the inferences to be drawn therefrom, or a fair response to arguments and theories presented in defense counsel's summation (see People v Adolph, 206 AD3d 753; People v Wilson, 163 AD3d 881, 882; People v Pocesta, 71 AD3d 920). Insofar as the prosecutor's statements were improper, they were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Perdomo, 154 AD3d 886; People v Coleman, 148 AD3d 717, 718).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
IANNACCI, J.P., RIVERA, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court