People v Nyack (2023 NY Slip Op 01532)

People v Nyack

2023 NY Slip Op 01532

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-00964
 (Ind. No. 756/19)

[*1]The People of the State of New York, respondent,
v
Raphael Nyack, appellant.

Patricia Pazner, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Andrew S. Durham of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Kings County (Dineen Riviezzo, J.), imposed January 6, 2020, upon his conviction of attempted criminal possession of a weapon in the third degree, upon his plea of guilty.
ORDERED that the resentence is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.
The defendant was charged under a 20-count indictment with various crimes stemming from an incident that allegedly occurred on January 31, 2019. The indictment was subsequently amended, on consent, to add a count charging the defendant with attempted criminal possession of a weapon in the third degree (Penal Law §§ 110.00; 265.02[6]). The defendant thereafter pleaded guilty to attempted criminal possession of a weapon in the third degree in full satisfaction of the indictment. The defendant was sentenced, as a second felony offender convicted of a class E violent felony offense, to a determinate term of imprisonment, followed by a period of postrelease supervision.
On appeal, the defendant contends that because he pleaded guilty to a count of attempted criminal possession of a weapon in the third degree, rather than a lesser included offense of a count charging him with the completed crime, he was illegally sentenced as a violent, rather than a nonviolent, felony offender.
Contrary to the People's contention, the defendant did not waive his claim that the Supreme Court illegally sentenced him as a violent felony offender (see People v Samms, 95 NY2d 52, 55; cf. People v Ford, 62 NY2d 275).
Penal Law § 70.02 defines a class E violent felony offense, in pertinent part, as "an attempt to commit any of the felonies of criminal possession of a weapon in the third degree as defined in subdivision five, six, seven or eight of section 265.02 as a lesser included offense of that section as defined in section 220.20 of the criminal procedure law" (Penal Law § 70.02[1][d]). "CPL 220.20(1) in turn defines a 'lesser included offense' as one where the defendant pleads 'to an offense of lesser grade than one charged in a count of an indictment'" (People v Dickerson, 85 NY2d 870, [*2]872). Thus, a plea of guilty to attempted criminal possession of a weapon in the third degree "constitutes a violent felony offense only when the defendant has been initially charged with criminal possession of a weapon in the third degree and pleads guilty to the attempted crime as a lesser included offense" (People v Lopez, 158 AD2d 718, 718; see People v Tolbert, 93 NY2d 86, 88; People v Dickerson, 85 NY2d at 872). Here, the defendant pleaded guilty to attempted criminal possession of a weapon in the third degree as an added count to the indictment, which did not charge him with the completed crime of criminal possession of a weapon in the third degree. Under the circumstances, the Supreme Court should not have sentenced the defendant as a violent felony offender (see People v Lopez, 158 AD2d at 718-719; cf. People v Henry, 52 AD3d 841; People v Dixon, 38 AD3d 916, 916). Accordingly, the matter must be remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.
DILLON, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court